(+1) 212-202-6002 (USA Fax)
ruthling@teslawalls.com
www.TeslaWalls.com

Asia: Tesla Walls 1 Rooms 201-205
Panshan Chuangye Zhongxin, Building #2
Street: #537 Panyu dadao Bei (Yingbin Lu), Guangzhou Province, Panyu, China
(86) 13641-222-222 mobile
(86) 20 39202130  office (use for FedEx-DHL)

# Exhibit D

May 2, 2014

<u>BY COURIER AND EMAIL TO</u>
Michael Budd
3592 Woodland Trl
Saint Paul, MN  55123
United States


Mr. Budd,

This letter is acknowledgement of receipt of your letter of resignation dated March 8, 2014.

First, and as a procedural note, is the fact that you have not given written notice to the Company of any alleged breach of the Agreement. This is a requirement for Good Reason as clearly stated in the Agreement. Since you signed the Agreement on July 2, 2012, you have not provided written notice of any of the issues identified in your resignation letter. As such, the Board hereby accepts your resignation, but rejects the proposition that it is for "Good Reason".

With respect to the specific allegations raised in your letter, while they have no bearing at this point on your ability to resign with "Good Reason," we would like to address the merits of each of your groundless allegations.

Under the Agreement, you were hired as the President of the Company with the explicit provision that you would "perform the duties of President as commonly associated with this position." Such duties as President of the Company in the United States included ensuring that the Company put in place appropriate employment plans on behalf of relevant employees – including yourself. Under your supervision certain benefit plans were implemented, including Medical, 401k, etc. Your subsequent failure to fulfill your duties as President of the Company directly resulted in the Company not providing the referenced benefit plans. In fact, your failure to properly perform your duties would more accurately be characterized as "Cause" under the Agreement for the Company to terminate your employment.

As for establishing corporate goals for you to earn an Annual Performance Bonus, your key performance metrics were discussed at length over the last 2 years. In addition to regular operational responsibilities, such as supervising the Company's obtaining employee benefit plans as discussed above, you were also responsible for helping identify and sign new projects for the Company. During your tenure you did not assist in bringing in a single new project. Your performance in 2013 therefore made a material contribution to the Company's current circumstances, i.e. it is going out of business. Your demand for a "Performance Bonus" for 2013 is one of the most brazen actions imaginable, since your performance – or lack thereof – can in no manner be construed as meriting a performance bonus. Rather, they more accurately reflect actions that could be characterized as Cause for your dismissal under the Agreement.

Finally, information has been brought to our attention that for at least several months, if not longer, prior to the date of your letter of resignation you have violated your fiduciary duties to the Company. You have engaged in self-dealing activities with Related Limited Partners, a customer of the Company, during your term as President of the Company and that you intend to work for them after leaving the Company. Your actions are inappropriate and represent a clear conflict of interest, considering that the Company has been in extended negotiations with RLP during your tenure regarding material contracts affecting the Company's core business. More to the point, they raise the issue of whether you have intentionally interfered with the Company's business relationships for your own personal gain and to the detriment of the Company.

So, even if you had complied with the requirements of the Agreement for resigning with Good Reason, the Company rejects those alleged reasons. Your resignation is accepted, effective immediately. The Company will pay you your salary through May 8th, 2014.

In connection with your departure from the Company, we also want to remind you of your Confidentiality obligations. All of the provisions regarding Company Confidential Information are material, and the Company will use its best efforts to ensure compliance. We feel it particularly important to emphasize that these include restrictions on the use and disclosure of the Company's Confidential Information both during and after your term of employment. Any work or research conducted during the term of your employment is the property of the Company, and we hereby ask you to provide a detailed disclosure list of all such work or research to the Company in accordance with Paragraph (E) of the section "Confidential Information; Company Property". Further, in accordance with Paragraph (F) that same referenced section, all records of every kind, including customer and supplier records, as well as records related to the business or operations of the Company are and remain the sole and exclusive property of the Company, and you will deliver such records to the Company immediately. Moreover, you have the obligation not to delete or alter information contained in Company computers or in Company files before you return those to the Company.

Finally, please be advised that you are subject to "Non-Interference" obligations in the Agreement which prohibit you from (a) interfering with any project on which the Company is working, (b) engage in any capacity with any business relationship that the Company has been involved with for the preceding 12 months, or (c) interfere with any business relationship or prospective business relationship of the Company. You are also prohibited from soliciting any employees of the Company. The Company takes these obligations extremely seriously, and expects your full compliance with these obligations.

Please return all Company property via FedEx May 7th, 2014 to 446 E. Alondra Blvd, Gardena, CA 90248, (310-365-1050) including the Company computer. And, as referenced above, please deliver the detailed list of work or research conducted while an employee of the Company.

Sincerely,

Carleton Ruthling
CEO Tesla Walls

# Exhibit E

**Vazquez, William**

---

Subject:
Re: Resignation letter follow-up
From:
Carleton Ruthling <ruthling@teslawalls.com>
Date:
6/24/14 4:35 AM
To:
Michael Budd <mbudd@teslawalls.com>

Hello Mike:


Despite the email sent April 3rd and a follow up letter May 2nd, you still have not returned Company Intellectual Property.


I have asked you to turn over all Confidential Information on the above two dates and am repeating that now, particularly marketing information, that might be useful to the continued success of Tesla.  Your response in this regard is entirely unsatisfactory.


As outlined in your employment agreement:


·     "Confidential Information" includes any and all tangible and intangible information relating to "marketing, selling, bids, bidding strategy, … suppliers and customers, as well as customers' business needs, …  in any way related to or useful in the business of the Company or its subsidiaries or affiliates."  Letter Agreement of Employment dated July 2, 2012, page 5, paragraph A.  In my email to you of April 3, 2014 I asked you to assemble the Confidential Information with target dates.  To date you have failed to provide any of this information.  For you to vaguely state that you have copied me on correspondence, and that you are in principle willing to review documentation with me, is not responsive. Please deliver all Confidential Information immediately.


·     The agreement provides that you will not use the Confidential Information "except for the benefit of the Company." Page 5, para. C.  "All papers and records of every kind, including … bidding related to the business or operations of the Company … that may come into your possession shall be the sole and exclusive property of the Company." Page 6, para. F.


·     "All property of the Company shall be surrendered to the Company upon termination of Your employment or upon the Company's request at any other time either during (your) employment or after termination of such employment." Page 6, para. G.

·      "You will not copy, abstract, summarize or précis any documents … that contains or refers to Confidential Information or the Company's property, unless it is necessary for the benefit of the Company."  Page 6, para. H.

·      In the event you resign from the Company … "1. You will not interfere with, obstruct or impede, either directly or indirectly, individually or on behalf of a person who is not a party to this letter agreement …. Nor will you directly or indirectly … interfere with or interrupt any business relationship or prospective business relationship of the Company connected to any project on which the Company sought or received information from You in connection with submission of a bid or in connection with the development of a business relationship or prospective business relationship."  Page 7, para. 1.

·      "You further agree that for a period of nine (9) months after termination of Your employment You will not employ or attempt to employ (by soliciting or assisting anyone else in the solicitation of any employee … on behalf of any other entity, whether or not such entity competes with the Company."

Mike, I am aware that you used your personal Gmail account to store much of the Confidential Information of the Company for the past 20 months.  You have not copied me with most of the Confidential Information of the Company over the past 20 months.  You have actively shielded access to Confidential Information.  As this is a small company with no IT department, the company does not have access to emails if you removed them from the server (which you did). I cannot stress enough how critical this information is if the Company is to have a chance to survive.  I need, and direct you, to compile all of this information immediately and to transmit it to me in electronic format so we can follow up on all Confidential Information to secure jobs for this Company.  Any failure on your part to cooperate fully in this regard will cause great damage to the Company for which I will hold you responsible.

Sincerely,

Carleton Ruthling

On 4/11/14 6:33 AM, Michael Budd wrote:
>
> Carleton –
>
>
>
> I am in receipt of your e-mail dated April 3, 2014.
>
>
>

2

> Thank you for confirming that I will be paid my salary through the May 7, 2014 date of my termination for Good Reason and accrued vacation.  Otherwise, I do not feel it is appropriate for me to comment on your statement that "Related is ultimately responsible to pay any amounts due you pursuant to your employment agreement."  I understand that there are ongoing discussions between Tesla and Related.   I ask that you please keep me updated on these discussions with Related, particularly as they relate to my outstanding bonus, severance payment and other monies due to me under my employment agreement with Tesla such as accrued paid time off and reimbursement for any outstanding company-related expenses.
>
>
>
> As you know, I have copied Tesla on sales correspondence for work performed for it during my employment.  Nonetheless, I am happy to review this with you and provide additional copies, if needed.  You have access to my Tesla e-mail account that contains additional information you have requested.  Additionally, I am willing to provide customer lists used during my relatively brief employment with Tesla, and copies of bids, proposals or contracts which you believe you do not already have, as well as the introduction to the California salesperson you requested.  I am also amenable to an exit interview at a mutually agreeable date and time.  Please also preserve all data that Tesla may have relevant to my resignation for Good Reason under the employment agreement at least until my outstanding payments under the employment agreement have been made to me.
>
>
>
> Sincerely,
>
>
>
> Mike
>
>

--
Carleton Ruthling, Ph.D.
Chairman & CEO
Tesla Wall Systems
848 N. Rainbow Blvd., Ste 4249
Las Vegas, NV 89107
USA: (+1) 321-396 5247 (if not in the USA, number will forward to me)
(+1) 212-202-6002 (USA Fax)
ruthling@teslawalls.com
www.TeslaWalls.com

Asia: Tesla Walls 1 Rooms 201-205
Panshan Chuangye Zhongxin, Building #2
Street: #537 Panyu dadao Bei (Yingbin Lu), Guangzhou Province, Panyu, China
(86) 13641-222-222 mobile
(86) 20 39202130  office (use for FedEx-DHL)