UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

TESLA WALL SYSTEMS, LLC,                :

                Plaintiff,       :       **ANSWER**

MICHAEL BUDD,                            :       14 CV 8564 (LLS)(SN)

                Defendant.       :

--------------------------------------------------------x

      Defendant, Michael Budd, by his attorneys, Katsky Korins LLP, for his answer to the Complaint of plaintiff, Tesla Wall Systems, LLC, alleges as follows:

1. Denies the allegations contained in paragraph 1 of the Complaint.

2. Denies the allegations contained in paragraph 2 of the Complaint.

3. Denies the allegations contained in paragraph 3 of the Complaint.

4. Denies the allegations contained in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Denies the allegations contained in paragraph 6 of the Complaint.

7. Neither admits nor denies the allegations contained in paragraph 7 of the Complaint and refers all questions of law to the Court.

8. Denies the allegations contained in paragraph 8 of the Complaint, except defendant admits that the Court has personal jurisdiction over him and that venue in this district is proper pursuant to his consent.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except admits that plaintiff and/or its

affiliates were at one time involved in the building façade systems business.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the size of the investment made by plaintiff's owners.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint, except defendant admits that in or about September 2013 The Related Companies ("Related") informed plaintiff's principal, Carleton Ruthling ("Ruthling") that upon the completion of the existing building façade projects for which Related had engaged plaintiff and/or its affiliates, Related's business relationship with plaintiff and its affiliates would cease.

19. Denies the allegations contained in paragraph 19 of the Complaint, except

defendant admits that he was hired by and entered into an employment agreement with an entity known as Tesla Walls, LLC (the "Employment Agreement") under which he agreed to act as that entity's president, but denies that he was ever given responsibility for all of either that entity's or the plaintiff's United States operations, including responsibility for securing benefits packages for all United States employees.

20.     Denies the allegations contained in paragraph 20 of the Complaint except defendant admits that he entered into the Employment Agreement with Tesla Walls, LLC.

21.     Denies the allegations contained in paragraph 21 of the Complaint and refers to the Employment Agreement for its terms.

22.     Denies the allegations contained in paragraph 22 of the Complaint and refers to the Employment Agreement for its terms.

23.     Denies the allegations contained in paragraph 23 of the Complaint and refers to the Employment Agreement for its terms.

24.     Denies the allegations contained in paragraph 24 of the Complaint and refers to the Employment Agreement for its terms.

25.     Denies the allegations contained in paragraph 25 of the Complaint and refers to the Employment Agreement for its terms.

26.     Denies the allegations contained in paragraph 26 and refers to the Employment Agreement for its terms.

27.     Denies the allegations contained in paragraph 27 of the Complaint and refers to the Employment Agreement for its terms.

28.     Denies the allegations contained in paragraph 28 of the Complaint and refers to the Employment Agreement for its terms.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint, except defendant admits that Tesla Walls, LLC bid on several projects involving Crown Corr.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint, except defendant admits that he delivered his notice of resignation to Tesla Walls, LLC by letter on March 8, 2014 and refers to such letter for its contents.

34. Denies the allegations contained in paragraph 34 of the Complaint, except defendant admits that he received an email from Ruthling on or about April 3, 2014 and refers to such email for its contents.

35. Denies the allegations contained in paragraph 35 of the Complaint, except defendant admits that he received an email from Ruthling on or about April 3, 2014, refers to such email for its contents, and further refers to defendant's email sent on April 11, 2014, which is part of the email chain attached as Exhibit C to the Complaint and which responds to Ruthling's April 3, 2014 email.

36. Denies the allegations contained in paragraph 36 of the Complaint, except defendant admits that he received a letter dated May 2, 2014 from Ruthling.

37. Denies the allegations contained in paragraph 37 of the Complaint and refers to the May 2, 2014 letter for its contents.

38. Denies the allegations contained in paragraph 38 of the Complaint and refers to the Employment Agreement for its terms.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint and refers to the May 2, 2014 letter for its contents.

42. Denies the allegations contained in paragraph 42 of the Complaint, except defendant admits that he and Ruthling both used their respective personal email accounts from time to time to communicate regarding the business matters of Tesla Walls, LLC.

43. Denies the allegations contained in paragraph 43 of the Complaint, except defendant admits that he received an email dated June 24, 2014 from Ruthling and refers to such email for its contents.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint, except defendant admits that he purchased laptop computers for himself and other United States based employees of Tesla Walls, LLC and that he submitted the bills for such computers to Tesla Walls, LLC for reimbursement.

47. Denies the allegations contained in paragraph 47 of the Complaint.

48. Denies the allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. With respect to the allegations contained in paragraph 54 of the Complaint,

repeats and realleges his responses to paragraphs 1 through 53 of the Complaint as though fully set forth hereat.

55. Denies the allegations contained in paragraph 55 of the Complaint and refers to the Employment Agreement for its terms.

56. Denies the allegations contained in paragraph 56 of the Complaint.

57. Denies the allegations contained in paragraph 57 of the Complaint.

58. Denies the allegations contained in paragraph 58 of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint.

61. Denies the allegations contained in paragraph 61 of the Complaint.

62. Denies the allegations contained in paragraph 62 of the Complaint.

63. Denies the allegations contained in paragraph 63 of the Complaint.

64. With respect to the allegations contained in paragraph 64 of the Complaint, repeats and realleges his responses to paragraphs 1 through 63 of the Complaint as though fully set forth hereat.

65. Denies the allegations contained in paragraph 65 of the Complaint and refers to the Employment Agreement for its terms.

66. Denies the allegations contained in paragraph 66 of the Complaint and refers all questions of law to the Court.

67. Denies the allegations contained in paragraph 67 of the Complaint and refers all questions of law to the Court.

68. Denies the allegations contained in paragraph 68 of the Complaint and refers all questions of law to the Court.

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Denies the allegations contained in paragraph 70 of the Complaint.

71. Denies the allegations contained in paragraph 71 of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint.

73. With respect to the allegations contained in paragraph 73 of the Complaint, repeats and realleges his responses to paragraphs 1 through 72 of the Complaint as though fully set forth hereat.

74. Denies the allegations contained in paragraph 74 of the Complaint and refers to the Employment Agreement for its terms.

75. Denies the allegations contained in paragraph 75 of the Complaint.

76. Denies the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint.

78. Denies the allegations contained in paragraph 78 of the Complaint.

79. Denies the allegations contained in paragraph 79 of the Complaint.

80. Denies the allegations contained in paragraph 80 of the Complaint.

81. With respect to the allegations contained in paragraph 81 of the Complaint, repeats and realleges his responses to paragraphs 1 through 80 of the Complaint as though fully set forth hereat.

82. Denies the allegations contained in paragraph 82 of the Complaint and refers to the Employment Agreement for its terms.

83. Denies the allegations contained in paragraph 83 of the Complaint, except defendant admits that, for a specific period of time and pursuant to the terms of his Employment Agreement, he was president of Tesla Walls, LLC, and refers all questions of law to the Court.

84. Denies the allegations contained in paragraph 84 of the Complaint.

85. Denies the allegations contained in paragraph 85 of the Complaint.

### FIRST DEFENSE

86. Any and all claims set forth in the Complaint, which are based on defendant's Employment Agreement, fail to state a claim as plaintiff was not a party to that Agreement and therefore, was never in privity with defendant.

### SECOND DEFENSE

87. Some or all of the claims set forth in the Complaint are barred by the doctrines of waiver and estoppel.

### THIRD DEFENSE

88. Some or all of the claims set forth in the Complaint are barred by the doctrine of acquiescence.

### FOURTH DEFENSE

89. Some or all of the claims set forth in the Complaint are barred by the doctrine of ratification.

### FIFTH DEFENSE

90. Defendant has not breached the Employment Agreement in any material respect.

### SIXTH DEFENSE

91. Any damages sustained by plaintiff were the result of its own actions and/or the actions of persons or entities for whom defendant had no responsibility and over whom defendant had no control.

**SEVENTH DEFENSE**

92.     Plaintiff has failed to mitigate its damages, if any.

**EIGHTH DEFENSE**

93.     Plaintiff and its affiliates ceased their operations as active businesses prior to defendant's resignation of his employment and, therefore, plaintiff has not sustained any damages based on any of the claims set forth in the Complaint.

**NINTH DEFENSE**

94.     Plaintiff's complaint fails to state a claim under the Delaware Trade Secrets Act.

**TENTH DEFENSE**

95.     The Complaint fails to state a claim for the reasons that some or all of the information which plaintiff claims to be confidential, proprietary, or a trade secret, is already known and/or generally available in the industry, or it is in the public domain.

**ELEVENTH DEFENSE**

96.     The Complaint fails to state a claim for the reason that some or all of the information which plaintiff claims to be confidential, proprietary, or a trade secret could easily be acquired or duplicated without expending substantial resources or making an extraordinary effort.

**TWELFTH DEFENSE**

97.     The Complaint fails to state a claim for the reason that plaintiff failed to take adequate precautionary measures to protect some or all of the information alleged to be confidential, proprietary, or a trade secret.

**THIRTEENTH DEFENSE**

98.     The Complaint fails to state a claim for the reason that some or all of the information which plaintiff alleges was misappropriated by defendant would not provide anyone with a genuine competitive advantage.

**FOURTEENTH DEFENSE**

99.     Defendant has the right to use any general knowledge or skill he acquired during his employment by Tesla Walls, LLC as well as all knowledge and skills he already possessed prior to such employment.

**FIFTEENTH DEFENSE**

100.    Plaintiff's assertion in the Complaint that defendant breached the Employment Agreement and caused plaintiff to sustain damages because he allegedly did not "return…Company records, and other critical operational data, information and materials necessary for Tesla to continue operations as a going concern…and [therefore plaintiff] lost the ability to pursue its ongoing and prospective business opportunities" fails to state a claim for a number of reasons, including (a) such information has at all times been in the possession of plaintiff and its principal, Ruthling; (b) shortly after defendant's resignation, defendant offered to meet with Ruthling for an exit interview so that they could discuss the information already in Ruthling's possession and so defendant could provide him with any other information Ruthling believed he needed and did not already have; (c) at the time defendant submitted his resignation from Tesla Walls, LLC plaintiff, on information and belief, did not have any outstanding bids on new projects and it had no ongoing projects other than projects for Related that were in the process of being closed out; and (d) plaintiff had, in fact, already made the decision to cease its operations in the United States and terminate all of its employees based there.

### SIXTEENTH DEFENSE

101.  Plaintiff's assertion in the Complaint that defendant breached the Employment Agreement and interfered with plaintiff's "current and prospective business relationships" following his resignation from Tesla Walls, LLC by joining, or taking any actions to form, a company which engaged in or planned to engage in the building façade business in competition with plaintiff, fails to state a claim because the Employment Agreement did not prohibit defendant from joining or forming such a business after his resignation.  Such assertion in the Complaint further fails to state a claim because at the time defendant submitted his resignation to Tesla Walls, LLC, plaintiff and its affiliates had advised defendant that they were already in the process of shutting down their operations in the United States and, upon information and belief, had completed that process at or about the time his resignation became effective.  Therefore, no business which defendant joined or formed after the effective date of his resignation could have been in competition with plaintiff and its affiliates.

### SEVENTEENTH DEFENSE

102.  Defendant is entitled to offset any damages that may be awarded to plaintiff in this action by the amounts owed to him under his Employment Agreement which plaintiff's affiliate, Tesla Walls, LLC, failed to pay.

### EIGHTEENTH DEFENSE

103.  Some or all of plaintiff's claims are barred by the doctrine of unclean hands and laches.

WHEREFORE, defendant demands judgment dismissing plaintiff's Complaint in its entirely and awarding him his costs and disbursements herein, as well as such other and further

relief as the Court deems appropriate.

Dated: New York, New York
      November 21, 2014

                                                  KATSKY KORINS LLP

                                                  _____
                                                  Mark Walfish
                                                  Thomas M. Lopez
                                                  605 Third Avenue
                                                  New York, NY  10158
                                                  (212) 953-6000

                                                  *Attorneys for Defendant*
                                                  *Michael Budd*