# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TESLA WALL SYSTEMS, LLC,

                          *Plaintiff*,

                 - against -

MICHAEL BUDD,

                        *Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 1:14-cv-08564 (LLS)

## PLAINTIFF TESLA WALL SYSTEMS, LLC'S
## PROPOSED JURY INSTRUCTIONS

Plaintiff, Tesla Wall Systems, LLC ("Tesla") respectfully requests the Court to charge the jury as follows.

These requests are submitted subject to Tesla's reservation of its rights and are submitted without prejudice to or waiver of such positions and contentions as have been raised by Tesla during the course of trial. Tesla reserves the right to amend or supplement these requests at any time during trial until the jury retires. These requested charges include instructions concerning issues of law with respect to which this Court or other courts have expressed views in opinions in or relating to this case. These requests at times may reflect what appears to be the Court's view then as to such legal issues and are made on the assumption that the Court may adhere to such views. In each case, however, where Tesla has differed with the Court's view as to the law, it respectfully excepts and reserves all rights.

## I.    <u>INSTRUCTIONS BEFORE TRIAL</u>

No. ___.   OPENING INSTRUCTIONS

We are about to begin the trial of the case you heard about during jury selection.  Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you.  The party who sues is called the plaintiff.  In this action, the plaintiff is Tesla Wall Systems, LLC, which I will refer to as "Tesla".  The party being sued is called the defendant.  In this action, the defendant is Michael Budd, who I will refer to as "Budd".  Tesla brings this action to recover for breach of contract, violation of the Delaware Uniform Trade Secrets Act, misappropriation or conversion of confidential information, and breach of fiduciary duty against Budd.

You will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you

should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS – CIVIL § 101.01, at 14-16 (5th ed. 2000).

No. ___.  ORDER OF TRIAL

The case will proceed as follows:

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After the opening statements, the plaintiff, Tesla, will present evidence in support of its claim and the defendant's lawyer may cross-examine the witnesses.  At the conclusion of the plaintiff's case, the defendant, Budd, may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses.  The defendant is not required to introduce any evidence or to call any witnesses.  If the defendant introduces evidence, the plaintiff may then present rebuttal evidence.

Each witness is first examined by the party who calls that witness to testify, and then the opposing party is permitted to question the witness.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown.  What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict.  You will then decide the case.

3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS – CIVIL § 101.02, at 24 (5th ed. 2000); 1A NEW YORK PATTERN JURY INSTRUCTIONS – CIVIL § 1:3.

No. ___.  PROVINCE OF JUDGE AND JURY

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision.  You will determine the facts from all the testimony and other evidence that is presented.  You are the sole and exclusive judge of the facts.  I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury.  Such comments are only expressions of my opinion as to the facts.  You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

Your function as jurors is to decide what has or has not been proved and apply the rules of law that I give you to the facts as you find them to be.  The decision you reach will be your verdict.  You are the sole and exclusive judges of the facts and nothing I say or do should be taken by you as any indication of my opinion as to the facts.  As to the facts, neither I nor anyone else may invade your province.

3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS – CIVIL § 101.02 (5th ed. 2000); 1A NEW YORK PATTERN JURY INSTRUCTIONS – CIVIL § 1:6.

No. ___.  JURY CONDUCT

To insure fairness, you must obey the following rules:

1.      Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.      Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

3.      Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended.  If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.      During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.      Do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.      Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.      Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.      If you need to tell me something, simply give a signed note to the clerk to give to

me.

3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS – CIVIL §101.11, at 28-29 (5th ed. 2000).

No. ___.  EVIDENCE IN THE CASE

The evidence in the case will consist of the following:

1.      The sworn testimony of the witnesses, no matter who called a witness.

2.      All exhibits received into evidence, regardless of who may have produced the exhibits.

3.      All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence.  Depositions contain sworn testimony, with the lawyers from each party being entitled to ask questions.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact.  A "stipulation" is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events.  When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence is admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the statements of the witness.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from facts that you find have been proved, such as reasonable inferences or conclusions you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS – CIVIL §101.40, at 48-49 (5th ed. 2000).

No. ___.  WEIGHING TESTIMONY

As the sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it.  The law does not require you to accept all of the evidence I shall admit.  In deciding what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses and decide how much weight you choose to give to that testimony.  The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness's recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying.  There is no magical formula by which you evaluate testimony.  You bring with you to this courtroom all of the experience and background of your lives.  In your everyday affairs, you decide for yourselves the reliability or unreliability of things people tell you.  The same tests that you use in your everyday dealings are the tests which you apply in your deliberations.

The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the appearance, the manner in which the witness gives testimony on the stand, the opportunity that the witness had to observe the facts about which he or she testifies, the probability or improbability of the witness's testimony when considered in light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness's testimony.

If it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy can be reconciled by fitting the two stories together.  If, however, that is not possible, you will then have to decide which of the conflicting stories you will accept.

1A New York Pattern Jury Instructions – Civil §§ 1.7, 1:8.

No. ___.  WHAT IS NOT EVIDENCE

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS – CIVIL §101.44, at 60 (5th ed. 2000).

No. ___.  STIPULATIONS AT THE PRETRIAL CONFERENCE

Before the trial of this case, the Court held a conference with the lawyers for all the parties.  At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

3 Kevin F. O'Malley et al., Federal Jury Practice and Instructions – Civil §101.47, at 63 (5th ed. 2000).

No. ___.  RULING ON OBJECTIONS

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received into evidence.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been.  In addition, you must not consider evidence that I have ordered stricken from the record.

3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS – CIVIL §101.49, at 26 (5th ed. 2000).

## II.    <u>INSTRUCTIONS AT THE CLOSE OF EVIDENCE</u>

No. ___.  GENERAL

Now that you have heard the evidence and the argument, it is my duty to instruct you as to the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have an opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the last as it is now being given to you, and reach a just verdict, regardless of the consequences.

3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS – CIVIL §103.01, at 26 (5th ed. 2000).

No. ___.  REVIEW PRINCIPLES STATED

You will recall that at the beginning of the trial I stated for you certain principles so that you could have them in mind as the trial progressed.  Briefly, they were that you are bound to accept the law as I give it to you, whether or not you agree with it.  You are not to ask anyone else about the law.  You should not consider any advice about the law from anyone but me.  Furthermore, you must not conclude from my rulings or any anything I have said during the trial that I favor any party to this lawsuit.  Furthermore, you may not draw any inference from an unanswered question nor consider testimony that has been stricken from the record in reaching your decision.  Finally, in deciding how much weight you choose to give to the testimony of any particular witness, there is no magical formula that can be used.  The tests used in your everyday affairs to decide the reliability or unreliability of statements made to you by others are the tests you will apply in your deliberations.  The items to be taken into consideration in determining the weight you will give to the testimony of a witness include the interest or lack of interest of the witness in the outcome of the case, any bias or prejudice of the witness, if there be any, the age, the appearance, the manner of the witness as the witness testified, the opportunity the witness had to observe the facts about which he or she testified, the probability or improbability of the witness's testimony when considered in the light of all the other evidence in the case.

1A NEW YORK PATTERN JURY INSTRUCTIONS – CIVIL § 1:21.

No. ___. ALL PERSONS EQUAL BEFORE THE LAW – ORGANIZATIONS

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. A large corporation is entitled to the same fair trial as a small corporation or small business. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS – CIVIL §103.12, at 26 (5th ed. 2000).

No. ___.  EXCLUDE SYMPATHY

In reaching your verdict, you are not to be affected by sympathy for any of the parties, what the reaction of the parties or of the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom.  You should consider only the evidence—both the testimony and the exhibits—find the facts from what you consider to be the believable evidence, and apply the law as I now give it to you.  Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts.

1A NEW YORK PATTERN JURY INSTRUCTIONS – CIVIL § 1:27.

No. ___.  EVIDENCE IN THE CASE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence.  They lawyers are not witnesses.  What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS – CIVIL §103.30, at 26 (5th ed. 2000).

No. ___.   INTERESTED WITNESS—GENERALLY

Carleton Ruthling, Chairman & CEO of Plaintiff Tesla, testified before you.  As an officer of a party to the action, he is an interested witness.  Michael Budd also testified before you.  As a party to this action, he is an interested witness.  Any former or current employees of The Related Companies, L.P. ("Related"), are interested witnesses, as (1) Related was a minority owner partner of Tesla, (2) is Budd's current employer, and (3) is a majority owner of New Hudson Facades, LLC, the competing curtain wall company Tesla alleges Budd and Related, along with others, formed.

An interested witness is not necessarily less believable than a disinterested witness.  The fact that he is interested in the outcome of the case does not mean that he has not told the truth.  It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by his interest.  You may, if you consider it proper under all of the circumstances, not believe the testimony of such a witness, even though it is not otherwise challenged or contradicted.  However, you are not required to reject the testimony of such a witness, and may accept all or such part of his testimony as you find reliable and reject such part as you find unworthy of acceptance.

1A NEW YORK PATTERN JURY INSTRUCTIONS – CIVIL § 1:91.

No. ___.  JUROR'S USE OF PROFESSIONAL EXPERTISE

Although as jurors you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal professional expertise you might have or other facts not in evidence to the other jurors during deliberations. You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone.  You may not consider or speculate on matters not in evidence or matters outside the case.

1A NEW YORK PATTERN JURY INSTRUCTIONS – CIVIL § 1:25A.

No. ____.  IMPEACHMENT – INCONSISTENT STATEMENTS OR CONDUCT

If you believe any witness has been discredited during cross-examination, you may give the testimony of that witness such credibility, if any, you think it deserves.

If you find that any witness has willfully testified falsely to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness on the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally "unbelievable."  You may accept so much of his or her testimony as you deem true and disregard what you feel is false.  By the processes which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.  A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS – CIVIL §105.04, at 26 (5th ed. 2000); 1A NEW YORK PATTERN JURY INSTRUCTIONS – CIVIL § 1:22.

No. ___.  BURDEN OF PROOF

## BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE

In a civil case such as this one, the burden of proof is by a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely true than not.  It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not depend on the number of witnesses.  If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.

In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless I tell you otherwise, consider the testimony of all witnesses regardless of who called them, and all exhibits received into evidence regardless of who produced them.

In this particular case, Tesla must prove all elements of its claims against Budd by a preponderance of the evidence.

Source:

*Ward v. N.Y. Life Ins. Co.*, 225 N.Y. 314, 322 (1919); *Reynolds v. Reynolds*, 237 A.2d 708, 711 (Del. 1967) (defining preponderance of the evidence standard); *see also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS 72.01 (4th ed. 1987).

No. ___.  CONTRACTS

## RECOVERY FOR BREACH OF CONTRACT

Because Tesla was a party to the contract at issue, Tesla would be entitled to recover damages from Budd for any breach of the contract.  To establish that Budd is liable to Tesla for breach of contract, Tesla must prove that one or more terms of Tesla's contract with Budd have not been performed and that Tesla has sustained damages as a result of Budd's failure to perform.

Source:

*VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003); *see also H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 140 (Del. Ch. 2003).

No. ___.  BREACH OF CONTRACT ELEMENTS—GENERALLY

Plaintiff Tesla seeks to recover damages for breach of contract.  In order to prove a breach of contract, Tesla must prove each of the following elements:

(1)    that a contract was formed between Tesla and Budd,

(2)    that Tesla fully performed all of its obligations under the contract,

(3)    that Budd breached its obligations under the contract, and

(4)    that, as a direct and proximate result of Budd's breach, Tesla suffered recoverable damages.

Therefore, you must first determine whether Tesla has shown that a contract existed.  Next, you must determine whether Tesla fully performed all of its obligations under the contract.

Third, if you find that a contract was formed and that Tesla performed its obligations under that contract, you must determine whether Budd breached his obligations under that contract.  Tesla argues that Budd breached his obligations by, among other things, taking and refusing to return company records and confidential information, using and disseminating Tesla's confidential information to form a competing venture, interfering with Tesla's current and prospective business relationships, and soliciting and assisting others in the solicitation of Tesla employees.  Budd argues that he did not breach his obligations under the contract because he did not use Tesla's confidential information to compete with Tesla.  Budd also argues that he did not breach his obligations because he was not prohibited from forming or joining a competing venture after resigning from Tesla.  Budd contends that he further did not breach his obligations because Tesla was already in the process of shutting down when Budd resigned, so no business could be competing with Tesla.

Next, if you determine that a contract was formed, that Tesla fully performed its obligations, and that Budd breached its obligations, you must also determine whether Budd's breach caused Tesla to suffer damages by preventing Tesla from receiving those projects that would have been awarded to Tesla but for Budd's breach.

In determining whether Budd breached a contract with Tesla, you must consider each of the above elements. If Tesla has failed to prove any one or more of these elements, then you must find that Budd is not liable for breach of contract.

Source:

*See, e.g.*, *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003); *H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 140 (Del. Ch. 2003).

No. ___.  PLAIN AND ORDINARY MEANING

The words and phrases of a contract are to be given their plain and ordinary meaning.

Source:

*AT&T Corp. v. Lillis*, 953 A.2d 241, 253 n. 35 (Del. 2008).

No. ___.  PROXIMATE CAUSE

To recover damages for breach of contract, Tesla must also prove, by a preponderance of the evidence, that Budd's breach of the contract proximately caused Tesla to sustain damages.  A loss or damage is proximately caused by an act, or by a failure to act, whenever it appears from the credible evidence in the case that the act or the failure to act brought about or caused the damage, and that the loss or damage was either a direct result or a reasonably probable consequence of the act or omission.  There can be more than one proximate cause of a loss or damage.  However, Tesla is not entitled to recover from Budd any damages that were not proximately caused by an alleged breach of contract by Budd or that were caused by an intervening event.

If you conclude that Tesla has failed to meet its burden to prove by a preponderance of the evidence that the damages Tesla seeks were proximately caused by Budd's alleged breach, then you cannot find Budd is responsible for those damages and you must return a verdict for Budd.

Source:

*Culver v. Bennett*, 588 A.2d 1094, 1097 (Del. 1991); *see, e.g.*, *Hart v. Resort Investigations & Patrol*, No. C.A. 01C-12-029 ESB, 2004 WL 2050511, at *9 (Del. Super. Ct. Sept. 9, 2004).

No. ___.  DAMAGES

## DAMAGES-BREACH OF CONTRACT-GENERAL

If you find that one party committed a breach of contract, the other party is entitled to compensation in an amount that will place it in the same position it would have been in if the contract had been properly performed.  The measure of damages is the loss actually sustained as a result of the breach of contract.

Source:

*E.I. DuPont de Nemours and Co. v. Pressman*, 679 A.2d 436, 446 (Del. 1996); *Oliver B. Cannon Son, Inc. v. Dorr-Oliver, Inc.,* 394 A.2d 1160, 1163-64 (Del. 1978) (loss of profits); *American General Corp. v. Continental Airlines*, 622 A.2d 1, 11 (Del. Ch. 1992), *aff'd*, 620 A.2d 856 (Del. 1992); *J.J. White, Inc. v. Metropolitan Merchandise Mart*, 107 A.2d 892, 894 (Del. Super. Ct. 1954).

No. ___.  VIOLATION OF THE DELAWARE UNIFORM TRADE SECRETS ACT

### RECOVERY FOR VIOLATION OF THE
### DELAWARE UNIFORM TRADE SECRETS ACT

Plaintiff Tesla may recover from Budd for violating the Delaware Uniform Trade Secrets Act if Tesla shows that it possessed a trade secret that it took efforts to keep secret and that Budd had access to this trade secret.  In order to establish that Budd is liable for misappropriation of a trade secret, Tesla must show further that Budd improperly used or disclosed this trade secret, causing Tesla damages.

Source:

*Triton Const. Co. v. E. Shore Elec. Servs., Inc.*, No. CIV.A. 3290-VCP, 2009 WL 1387115, at *20 (Del. Ch. May 18, 2009), *aff'd*, 988 A.2d 938 (Del. 2010); *Mattern & Associates, L.L.C. v. Seidel*, 678 F. Supp. 2d 256, 269 (D. Del. 2010); *see also Accenture Glob. Servs. GMBH v. Guidewire Software Inc.*, 581 F. Supp. 2d 654, 662 (D. Del. 2008).

No. ___.  ELEMENTS OF A VIOLATION OF THE DELAWARE UNIFORM TRADE SECRETS ACT

## ELEMENTS FOR A VIOLATION OF THE
## DELAWARE UNIFORM TRADE SECRETS ACT

Plaintiff Tesla seeks to recover damages for Budd's alleged violation of the Delaware Uniform Trade Secrets Act.  In order to prove that Budd violated the Delaware Uniform Trade Secrets Act, Tesla must prove each of the following elements:

(a)    Tesla possessed a trade secret;

(b)    Tesla took reasonable efforts to maintain the secrecy of the trade secret;

(c)    Tesla communicated the trade secret information to Budd; and

(d)    Budd improperly used or disclosed Tesla's trade secret information, causing Tesla to suffer damages.

Source:

*Mattern & Associates, L.L.C. v. Seidel*, 678 F. Supp. 2d 256, 269 (D. Del. 2010); *see also Accenture Glob. Servs. GMBH v. Guidewire Software Inc.*, 581 F. Supp. 2d 654, 662 (D. Del. 2008).

No. ____.  DEFINITION OF A TRADE SECRET

## TRADE SECRET DEFINED

A trade secret is information that is economically valuable because (1) it is not generally known and cannot easily be discovered by other people who, if they knew about the trade secret, would be able to obtain economic value from the trade secret, and (2) has been subject of efforts that are reasonable under the circumstances to maintain its secrecy.

A trade secret may be a formula, pattern, compilation, program, vision, idea, device, method, technique, process, financial information, or business plan.  A combination of publically known information may create a trade secret, regardless of the fact that the information composing the trade secret is public or generally known.

If you find that Tesla's vision of a curtain wall company and its compilation of proprietary information, including its efforts expended to demonstrate the viability of such a vision constitute a trade secret, then Tesla has demonstrated that it possessed a trade secret.

Source:

*See Merck & Co. v. SmithKline Beecham Pharm. Co.*, No. C.A. 15443-NC, 1999 WL 669354, *15 (Del. Ch. Aug. 5, 1999); *Mattern & Associates, L.L.C. v. Seidel*, 678 F. Supp. 2d 256, 269-70 (D. Del. 2010); *Savor, Inc. v. FMR Corp.*, No. CIV.A. 00C-10-149JRS, 2004 WL 1965869, at *1, 5 (Del. Super. Ct. July 15, 2004); *see also Accenture Glob. Servs. GMBH v. Guidewire Software Inc.*, 581 F. Supp. 2d 654, 662 (D. Del. 2008); *Am. Totalisator Co. v. Autotote Ltd.*, No. CIV. A. 7268, 1983 WL 21374, at *4 (Del. Ch. Aug. 18, 1983).

No. ___.  DERIVING INDEPENDENT ECONOMIC VALUE FROM TRADE SECRET

**DEMONSTRATING VALUE STEMS FROM TRADE SECRET**

A trade secret has independent economic value, which is demonstrated by showing that a competitor would not be able to produce a comparable product without a similar expenditure of time and money.

Source:

*Great Am. Opportunities, Inc. v. Cherrydale Fundraising, LLC*, No. CIV.A. 3718-VCP, 2010 WL 338219, at *19 (Del. Ch. Jan. 29, 2010).

No. ___.    MAINTAINING SECRECY OF TRADE SECRET INFORMATION UNDER DELAWARE UNIFORM TRADE SECRETS ACT

## REASONABLE EFFORTS TO MAINTAIN SECRECY UNDER THE DELAWARE UNIFORM TRADE SECRETS ACT

Evidence of reasonable efforts an employer such as Tesla may undertake to maintain the confidentiality of trade secret information includes the presence of confidentiality provisions in employment contracts as well as letters sent by the employer to employees following their departure reminding employees of their obligations.

Source:

*Miles, Inc. v. Cookson Am.*, Inc., 1994 WL 676761, at \*9 (Del. Ch.1994); *Great Am. Opportunities, Inc. v. Cherrydale Fundraising, LLC*, No. CIV.A. 3718-VCP, 2010 WL 338219, at \*19 (Del. Ch. Jan. 29, 2010).

No. ___.  COMMUNICATION OF TRADE SECRET INFORMATION

## COMMUNICATION OF TRADE SECRET INFORMATION

Where an employee has access to trade secret information as a part of his or her employment, this type of access indicates that the employer has communicated the trade secret information to the employee.

If you find that Budd had access to Tesla's trade secret information by virtue of his employment, then you may find that Tesla communicated its trade secret information to Budd.

Source:

*See Accenture Glob. Servs. GMBH v. Guidewire Software Inc.*, 581 F. Supp. 2d 654, 662 n.8 (D. Del. 2008).

No. ___.  IMPROPER USE OR DISCLOSURE OF TRADE SECRET

## IMPROPER USE OR DISCLOSURE OF TRADE SECRET

Improper use or disclosure is shown when trade secret information is used or disclosed in breach of a duty, such as a confidentiality clause mandating secrecy in an employment agreement, to keep such information secret.

Misappropriation of a trade secret includes not only the wholesale pirating or copying of an idea but also the unauthorized utilization of an idea as a starting point or guide in developing a process or concept or as a means to understand what pitfalls or problems to avoid.

If you find that Budd was bound by his employment agreement with Tesla to keep its trade secret information confidential and then used or disclosed Tesla's trade secret information in breach of his duty, then you may find that Budd improperly used or disclosed Tesla's trade secret information.

Source:

*Wayman Fire Prot., Inc. v. Premium Fire & Sec., LLC*, No. CIV.A. 7866-VCP, 2014 WL 897223, at *16 (Del. Ch. Mar. 5, 2014); *Savor, Inc. v. FMR Corp.*, No. Civ.A. 00C-10-149JRS, 2004 WL 1965869, at *8 (Del. Super. Ct. July 15, 2004).

No. ___.  DAMAGES

**DAMAGES FOR VIOLATION OF DELAWARE UNIFORM TRADE SECRETS ACT**

Tesla is entitled to damages if you find that Budd's actions constituted a violation of the Delaware Uniform Trade Secrets Act.  Tesla must show that it has been injured as a result of Budd's violation.  To put Tesla in the situation it would have been in had Budd not misappropriated Tesla's trade secret information, Tesla may recover damages.  These damages may be measured by Tesla's lost profits, Budd's unjust enrichment, which is the amount of money Budd obtained through his use or disclosure of Tesla's trade secret information, or valuation of Tesla.

If you find that Budd's violation of the Delaware Uniform Trade Secrets Act was willful and malicious, you may award Tesla exemplary damages as well as attorneys' fees incurred as a result of pursuing this action.

Source:

Del. Code Ann. tit. 6, § 2003; *Total Care Physicians, P.A. v. O'Hara*, No. CIV.A. 99C-11-201JRS, 2003 WL 21733023, at *4 (Del. Super. Ct. July 10, 2003); *True North Composites, LLC v. Trinity Indus., Inc.*, 191 F. Supp. 2d 484, 524 (D. Del. 2002), *vacated in part on other grounds*, 65 F. App'x 266 (Fed. Cir. 2003); *Zaleski v. Mart Assocs.*, 1988 WL 77779, at *1 (Del. Super. Ct. July 25, 1988); *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 496 (2d Cir. 1995).

No. ___.  PROXIMATE CAUSE

**PROXIMATE CAUSE**

To recover damages for Budd's alleged violation of the Delaware Uniform Trade Secrets Act, Tesla must also prove, by a preponderance of the evidence, that Budd's violation of the Delaware Trade Secrets Act proximately caused Tesla to sustain damages.  A loss or damage is proximately caused by an act, or by a failure to act, whenever it appears from the credible evidence in the case that the act or the failure to act actually caused the damage, and that the loss or damage was either a direct result, or a reasonably probable consequence of the act or omission.  Tesla must show that it was both injured by Budd and set forth the amount of damages it suffered.  However, Tesla is not entitled to recover from Budd any damages that were not proximately caused by an alleged violation of the Delaware Uniform Trade Secret Act or that were caused by an intervening event.

If you conclude that Tesla has failed to meet its burden to prove by a preponderance of the evidence that the damages Tesla seeks were proximately caused by Budd's alleged violation, then you cannot find Budd is responsible for those damages and you must return a verdict for Budd.

Source:

*Nucar Consulting, Inc. v. Doyle*, No. CIV.A. 19756-NC, 2005 WL 820706, at *12 (Del. Ch. Apr. 5, 2005), *aff'd*, 913 A.2d 569 (Del. 2006).

No. ___.  LOST PROFITS DAMAGES

## LOST PROFITS DAMAGES

If Tesla proves, by a preponderance of the evidence, that Budd violated the Delaware Uniform Trade Secrets Act and caused Tesla injury, you may award Tesla its lost profits damages.  Tesla must prove the amount of its lost profits damages through a preponderance of evidence.

This is the amount of money Tesla would have realized had Budd not improperly used Tesla's trade secret information.  Tesla contends that the value of its lost profits is equal to the projects that it did not receive due to Budd's actions minus Tesla's costs.

Source:

*Total Care Physicians, P.A. v. O'Hara,* No. CIV.A. 99C-11-201JRS, 2003 WL 21733023, at *4 (Del. Super. Ct. July 10, 2003).

No. ___.  UNJUST ENRICHMENT

## UNJUST ENRICHMENT

If Tesla's lost profits damages do not include the amount of money Budd realized as a result of improperly using or disclosing Tesla's trade secret information, then you may award Tesla the amount of damages realized by Budd as a result of his use or disclosure of Tesla's trade secret information.  Budd's unjust enrichment represents the amount of the profits he realized as a result of use or disclosure of Tesla's trade secret information.

Source:

*Agilent Techs., Inc. v. Kirkland*, No. CIV.A. 3512-VCS, 2010 WL 610725, at *30 (Del. Ch. Feb. 18, 2010); *Nucar Consulting, Inc. v. Doyle*, No. CIV.A. 19756-NC, 2005 WL 820706, at *13 (Del. Ch. Apr. 5, 2005), *aff'd*, 913 A.2d 569 (Del. 2006).

No. ___. VALUATION DAMAGES

## VALUATION

If Tesla proves, by a preponderance of the evidence, that Budd violated the Delaware Uniform Trade Secrets Act and caused Tesla injury, you may award Tesla damages based on a valuation method of measuring damages.

This method values Tesla as of the date of Defendant's misappropriation of trade secret information and awards Tesla damages equal to that value.

Source:

Del. Code Ann. tit. 6, § 2003; *True North Composites, LLC v. Trinity Indus., Inc.*, 191 F. Supp. 2d 484, 524 (D. Del. 2002), *vacated in part on other grounds*, 65 F. App'x 266 (Fed. Cir. 2003); *Zaleski v. Mart Assocs.*, 1988 WL 77779, at *1 (Del. Super. Ct. July 25, 1988); *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 496 (2d Cir. 1995).

No. ___. DAMAGES FOR WILLFUL AND MALICIOUS VIOLATION OF DELAWARE TRADE SECRETS ACT

**WILLFUL AND MALICIOUS VIOLATION DAMAGES**

If Tesla demonstrates that Budd's actions in improperly using or disclosing its trade secret information were willful and malicious, Tesla may recover punitive damages as well as its attorneys' fees incurred in pursuing this action.

If you find that Budd knew that he was bound to keep Tesla's trade secret information confidential, but still improperly used or disclosed this information, then you may find that Budd's actions were willful.

If you find that Budd improperly used or disclosed Tesla's trade secret information to compete with Tesla, then you may find that Budd's actions displayed an intent to harm Tesla and were, thus, malicious.

Evidence of willful and malicious behavior includes intentional removal of trade secret information and refusal to return such information when requested to do so.

Source:

*Agilent Techs., Inc. v. Kirkland*, No. CIV.A. 3512-VCS, 2010 WL 610725, at *34 (Del. Ch. Feb. 18, 2010); *Mattern & Associates, L.L.C. v. Seidel*, 678 F. Supp. 2d 256, 271 (D. Del. 2010).

No.____. MISAPPROPRIATION OR CONVERSION OF CONFIDENTIAL INFORMATION

**MISAPPROPRIATION OR CONVERSION OF CONFIDENTIAL INFORMATION**

To recover on a claim of misappropriation or conversion of confidential information, Tesla must demonstrate, by a preponderance of the evidence, that Budd used Tesla's confidential information for the purpose of securing a competitive advantage.

Source:

*Reed Constr. Data Inc. v. McGraw-Hill Cos., Inc.*, 745 F. Supp. 2d 343, 352 (S.D.N.Y. 2010); *see, e.g.*, *Twin Sec., Inc. v. Advocate & Lichtenstein, LLP*, 113 A.D.3d 565, 565 (1st Dept. 2014).

No. ___.  CONFIDENTIAL INFORMATION

## CONFIDENTIAL INFORMATION

Information is confidential when it is information that a party has expended time and money on developing and has taken efforts to keep secret.  Information that is considered confidential information includes internal documents and business strategies.

If you find that Tesla's information that was improperly used by Budd represents Tesla's internal information that Tesla attempted to keep secret, then this information is Tesla's confidential information.

Source:

*Geo Grp., Inc. v. Cmty. First Servs., Inc.*, No. 11-CV-1711 CBA, 2012 WL 1077846, at *4 (E.D.N.Y. Mar. 30, 2012); *Marsh USA, Inc. v. Alliant Ins. Servs., Inc.*, No. 651994/15, 2015 WL 6499525, at *5 (Sup. Ct., N.Y. County Oct. 19, 2015).

No. ___.  COMPETITIVE ADVANTAGE

## COMPETITIVE ADVANTAGE

If you find that Budd used Tesla's confidential information to compete with Tesla or disrupt its business practices, you may find that Budd used Tesla's confidential information to secure a competitive advantage.

Source:

*Feinberg v. Poznek*, No. 113133/05, 2006 WL 2056489, at *3 (Sup. Ct., N.Y. County July 5, 2006); *see, e.g.*, *B-S Indus. Contractors Inc. v. Burns Bros. Contractors Inc.*, 256 A.D.2d 963, 965 (3rd Dept. 1998).

No. ___.  DAMAGES

## DAMAGES

If Tesla carries its burden of demonstrating that Budd's misappropriation of Tesla's information was the proximate cause of Tesla's damages, then Tesla may recover its lost profits, the profits unjustly gained by Budd through his misappropriation of Tesla's confidential information, or the value of Tesla as of the date of Budd's misappropriation.

Source:

*Suburban Graphics Supply Corp. v. Nagle*, 5 A.D. 3d 663, 666 (2d Dept. 2004); *Paz Sys., Inc. v. Dakota Grp. Corp.*, 514 F. Supp. 2d 402, 409 (E.D.N.Y. 2007); *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 496 (2d Cir. 1995).

No. ___.  PUNITIVE DAMAGES

## PUNITIVE DAMAGES

If you find that Budd's conduct in misappropriating Tesla's confidential information was "gross and wanton", you may award Tesla punitive damages.

If you find that Budd misappropriated Tesla's confidential information with the intent to harm or otherwise disrupt Tesla's business, then you may find that Budd's behavior is "gross and wanton."

If you find that Budd deliberately plotted and schemed to use the confidential information, you may find that his behavior was "gross and wanton"

Source:

*Paz Sys., Inc. v. Dakota Grp. Corp.*, 514 F. Supp. 2d 402, 409 (E.D.N.Y. 2007); *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991); *Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1118 (2d Cir. 1986).

No. ___.  BREACH OF FIDUCIARY DUTY

## RECOVERY FOR BREACH OF FIDUCIARY DUTY

Tesla claims that Budd breached his fiduciary duty to Tesla.  As Tesla's President, Budd had a duty to Tesla to act in good faith and in Tesla's best interests during the period of his employment.  Budd owed Tesla undivided and unqualified loyalty and was not permitted to act in any manner contrary to Tesla's interest.  A person acting in a fiduciary capacity is required to make truthful and complete disclosures to those to whom a fiduciary duty is owed and the fiduciary is forbidden to obtain an improper advantage at the other's expense.

This requires that, while employed, Budd was required to exert his best efforts on behalf of Tesla and not compete with it or profit at its expense, or place his private interests in conflict with Tesla's interests.  Budd was not permitted to, while still employed, solicit clients of Tesla to follow him, copy Tesla's business records for his own use, charge expenses to Tesla which were incurred while acting on behalf of his own interest, and actively divert Tesla's business for his own personal benefit or the benefit of others.

Tesla claims that Budd did not act in good faith or in the best interests of Tesla when he took Tesla's confidential and trade secret information for competitive use, solicited co-employees and clients before resigning and then left Tesla's employ.  Tesla claims that as a result of this breach, Tesla sustained damages.  Budd denies breaching his fiduciary duty to Tesla and claims that he never misappropriated Tesla's confidential or trade secret information.

If you find that Budd did not breach his fiduciary duty to Tesla, you need proceed no further.  If you find that Budd did breach his fiduciary duty to Tesla, you must then decide whether that breach was a substantial factor in causing Tesla to sustain damages.  If you find that it was not a substantial factor in causing Tesla to sustain damages, you need proceed no further.

If you find that Tesla's breach was a substantial factor in causing Tesla to sustain damages, you must then decide the amount of damages Tesla  sustained.

      If you find that Budd breached a fiduciary duty, and that breach was a substantial factor in causing Tesla to sustain damages, you will award Tesla such an amount as you find to be the actual damages sustained by this breach, including compensation and expenses that Tesla paid to Budd during the period of Budd's disloyalty, profits that Budd obtained, Budd's lost profits, or the value of Tesla as of the date of Budd's breach.

3G5 NEW YORK PATTERN JURY INSTRUCTIONS – CIVIL 3:59; *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 496 (2d Cir. 1995).

No. ___.  ELEMENTS AND NATURE OF FIDUCIARY DUTY

## ELEMENTS AND NATURE OF FIDUCIARY DUTY

In order to establish a breach of fiduciary duty, Tesla must prove the existence of a fiduciary relationship, misconduct by Budd, and damages that were directly caused by Budd's misconduct.

3G5 New York Pattern Jury Instructions – Civil 3:59 cmt.

No. ___.  EXISTENCE OF A FIDUCIARY DUTY

## EXISTENCE OF FIDUCIARY DUTY

Officers and directors of a corporation stand in a fiduciary relationship to the corporation and owe their undivided and unqualified loyalty to the corporation.  Budd was an officer and employee of Tesla who owed Tesla his undivided and unqualified loyalty.

As Tesla's employee, Budd owed Tesla a fiduciary duty and a duty of loyalty.  Pursuant to this duty, he was prohibited from acting in any manner inconsistent with his or her agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his or her duties.

3G5 NEW YORK PATTERN JURY INSTRUCTIONS – CIVIL 3:59 cmt.

No. ___.  BUDD'S MISCONDUCT

## BUDD'S ALLEGED MISCONDUCT

A corporate officer or director may not assume and engage in the promotion of personal interests which are incompatible with the superior interests of the corporation.  Specifically, a corporate officer or director may not, without consent, divert and exploit for personal benefit any opportunity that should be deemed an asset of the corporation.

A breach of fiduciary duty occurs when an employee secretly forms a company for purposes of competing with his or her employer's company, solicits the employer's customers, and diverts business from the employer.  Disclosing confidential information to a competitor who uses the information to divert work to itself constitutes a breach of fiduciary duty.

If you find that Budd engaged in any of the above behavior, you must find that he breached his fiduciary duty to Tesla.

3G5 NEW YORK PATTERN JURY INSTRUCTIONS – CIVIL 3:59 cmt.

No. ___.  DAMAGES

## DAMAGES

Tesla has the burden of proving damages.  Tesla must establish, at least, that Budd's actions were a substantial factor in causing an identifiable loss.  The measure of damages for breach of fiduciary duty is the amount of loss sustained, including lost opportunities for profit by reason of the defendant's conduct.  Although damages need not be established with mathematical certainty, plaintiff must nonetheless present competent and sufficient evidence of its loss of sales and consequent loss of profits so that the award is not merely speculative.

Damages for breach of Budd's alleged breach of fiduciary duty include compensation and expenses that Tesla paid to Budd during the period of the disloyalty and breach, profits that Budd obtained, or the value of Tesla as of the date of Budd's breach.  Where an employee has breached a duty of loyalty, the employer may choose between recovering the profits the defendant made or recovering the profits the employer would have made.  If the employer chooses disgorgement of the employee's profits, the employer need only show the gross fee the employee received. The burden then shifts to the employee to demonstrate the direct costs of generating this gross income, at which point the employer may question the reasonableness of any deduction.

3G5 NEW YORK PATTERN JURY INSTRUCTIONS – CIVIL 3:59 cmt.; *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 496 (2d Cir. 1995).

No. ___.  RETURN TO COURTROOM

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you have any question about my instructions to you on the law, you have the right to return to the courtroom for the purpose of having such testimony reach to you or have such question answered.

1A NEW YORK PATTERN JURY INSTRUCTIONS – CIVIL § 1:24.

No. ___.  CONCLUSION

I have now outlined for you the rules of law that apply to this case and the processes by which you weigh the evidence and decide the facts.  In a few minutes, you will retire to the jury room for your deliberations.  Your first order of business when you are in the jury room will be the election of a foreperson.  In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, his or her vote is entitled to no greater weight than that of any other juror.  Your function—to reach a fair decision from the law and the evidence—is an important one.  When you are in the jury room, listen to each other and discuss the evidence and issues in the case among yourselves.  It is the duty of each of you, as jurors, to consult with one another and to deliberate with a view of reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience.   While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence and while each of you must decide the case for yourself and not merely consent to the decision of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness and with proper respect and regard for the opinions of each other.  Remember in your deliberations that the dispute between the parties is, for them, a very important matter.  They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By doing so, you carry out to the fullest your oaths as jurors to truly try the issues of this case and render a true verdict.

1B1 NEW YORK PATTERN JURY INSTRUCTIONS – CIVIL § 1:28.


Dated: October 19, 2016
        New York, New York

Respectfully submitted,

**SUTHERLAND ASBILL & BRENNAN LLP**


By:____/s/ Lawrence A. Dany III_____
Ronald W. Zdrojeski
Lawrence A. Dany III
Mary Beth Martinez
1114 Avenue of the Americas, 40th Floor
New York, New York  10036
(212) 389-5000

*Attorneys for Plaintiff Tesla Wall Systems, LLC*